IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LULA WESTBROOK,          ) | |
|        Plaintiff,           ) | |
| vs.                                         ) | No. 3:21-CV-1404-E-BH |
|                                                  ) | |
| SOCIAL SECURITY ADMINSTRATION, ) | |
|        Defendant.         ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

On June 16, 2021, the plaintiff filed this action against the defendant.  (*See* doc. 3.)  By *Notice of Deficiency and Order* dated June 17, 2021, she was notified that she had not filed her complaint on the appropriate form, and that it did not comply with Fed. R. Civ. P. 8(a).  (*See* doc. 4.)  She was also notified that she had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP).  (*See id.*)  The order specifically advised the plaintiff that she must file an amended complaint on the proper form in compliance with Rule 8 and either pay the filing fee or file her IFP application within fourteen days, and that a failure to do so could result in the dismissal of her case.  (*See id.*) Attached to the order were copies of the complaint form, Rule 8, and an IFP application.  (*See id.*)

Using the Court's emergency filing system, the plaintiff filed several motions seeking an extension of time to file her amended complaint and an IFP motion, as well as for appointment of counsel, exemption from PACER fees, and for a hearing.  (*See* docs. 5, 7, 9, 11, 13, 15, 18.)  She

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

was granted several extensions of time to file her amended complaint and IFP motion, and she was provided multiple copies of the complaint form, Rule 8, and an IFP application. (*See* docs. 6, 8, 10, 12, 13, 16, 17.) By *Final Notice of Deficiency and Order* dated August 9, 2021, she was given a final opportunity to file an amended complaint on the proper form in compliance with Rule 8 and either pay the filing fee or file her IFP application by August 16, 2021. (*See* doc. 17.) Her motion for reconsideration of the orders denying her prior motions for appointment of counsel, exemption from PACER fees, and for a hearing, was denied on August 17, 2021. (*See* docs. 18, 19.) The plaintiff has still not filed an amended complaint and paid the filing fee or filed an IFP application, and she has not filed anything else in the case since that date.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order that she file an amended complaint on the proper form in compliance with Rule 8 and pay the filing fee or submit an IFP application, despite a warning that failure to do so could result in dismissal of the case. Because the plaintiff failed to follow a court order or otherwise prosecute her case, it should be dismissed.

### IV.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files an amended complaint on the proper

form and either pays the filing fee or submits her completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 29th day of November, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE